IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ISMAEL LOPEZ, #65357-066 | * |
|     Plaintiff, | |
| v. | * CIVIL ACTION NO. WMN-15-2973 |
| DR. MOUBAREK | * |
| KRISTI CRITES, CRNP | |
| ROBERT MITTER, OD | * |
| JANE DICOCCO, DO | |
| TOM GERA, PA-C | * |
| DENISE VANMETER, RN | |
| JODY L. AMERZUA, RN | * |
| WARDEN STEWART | |
| AMIRA HUSSIEN, MD | * |
| JEFFREY HIRSCH, MD | |
| NATHAN MYATT, MD | * |
| CARRIE HANSCOM | |
|     Defendants. | * |
| | ***** |

**MEMORANDUM**

On September 30, 2015, Plaintiff, a Bureau of Prisons ("BOP") inmate formerly confined at the Federal Correctional Institution ("FCI") at Cumberland, Maryland, filed this Complaint for injunctive relief and a total of $15,000,000.00 in damages pursuant to 28 U.S.C. §§ 1331 and 1346, raising civil rights[1] and tort claims under the Federal Tort Claims Act ("FTCA"). Plaintiff alleges that he has medical and mental health issues and Defendants have avoided evaluation and diagnosis of known chronic medical conditions that are deteriorating and worsening. ECF No. 1. He claims that injuries have been caused from wrongful medications, particularly from side effects caused by

---

[1] As a federal prisoner, Plaintiff asserts his civil rights claims pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

the medication "Doxisan."[2] Plaintiff additionally contends that throughout 2014 and 2015, Defendants have denied him or avoided providing him proper medications, treatments, therapies and surgeries and have engaged in falsifying medical records. He further contends that although he requires a translator, it was repeatedly falsely reported that he verbally understood and agreed to course of treatment plans. ECF No. 1. Plaintiff subsequently supplemented his Complaint to state that when he complained of bleeding from his nose and mouth, the medical response was inadequate as he was only given medication in the form of a simple nasal spray.[3] ECF No. 7.

Defendants have filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, accompanied by a Motion to Seal.[4] ECF Nos. 20 & 21. Plaintiff, who is currently confined at the FCI at Petersburg in Hopewell, Virginia, filed an Opposition and Defendants filed a Reply. ECF Nos. 24-25. Defendant Mitter, a doctor of optometry who provides care at FCI-Cumberland, has likewise filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, which remains unopposed. ECF No. 29. No hearing is deemed necessary and the case may be determined on the pleadings. *See* Local Rule 105.6. (D. Md. 2016). For reasons to follow, Defendants' dispositive motions shall be granted.

---

[2] Plaintiff claims that the Doxisan causes him dizziness, blurred vision, nose, mouth, rectum, and ear bleeding, the swelling of his face and legs, and extreme pain. ECF No. 1.

[3] A subsequent Declaration was submitted by another inmate claiming that Plaintiff was being held in solitary confinement in retaliation for filing this lawsuit. ECF No. 14.

[4] The Complaint against Nurse Swick was voluntarily dismissed on January 12, 2016. ECF No. 12.

II. *Standard of Review*

   A. *Motion to Dismiss*

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to prove the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 554 (2007). "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people...'" *Id*. at 557-558 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). "[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). The court, however, need not accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events. *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Moreover, "because the court is testing the legal sufficiency of the claims, the court is not bound by plaintiff's legal conclusions." *Takacs v. Fiore*, 473 F.Supp.2d 647, 651 (D. Md. 2007).

   B. *Motion for Summary Judgment*

      Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

III. *Analysis*

Defendants seek dismissal of the *Bivens* civil rights and FTCA claims on the ground of non-exhaustion under 42 U.S.C. § 1997e(a) and also assert that summary judgment is warranted on the *Bivens* civil rights claim because Plaintiff cannot prove that Defendants acted with deliberate indifference. They assert that Plaintiff received timely and appropriate treatment for his complaints of difficulty urinating and hemorrhoid flare-up and bleeding.

According to the materials presented to the Court on July 25, 2014, Plaintiff reported to FCI–Cumberland Health Services with complaints of difficulty in urinating and hemorrhoid flare-up and bleeding. ECF No. 21-2, Moubarek Decl.; ECF No. 22, p. 19. Nurse Crites referred him to an over-the-counter ("OTC") medication for his rectal symptoms and prescribed a daily 2 mg dosage of Doxazosin,[5] a medication utilized to treat the symptoms of an enlarged prostate. ECF No. 21-2, Moubarek Decl.; ECF No. 22, p. 20.

On July 31, 2014, Plaintiff reported that that the Doxazosin helped him with urination, but he complained about its side effects, namely that it caused him to pass out and fall and land on his right buttocks. No bruising was observed upon examination of the buttocks. Plaintiff was continued on the Doxazosin, but the dosage was halved to 1 mg. ECF No. 21-2, Moubarek Decl.; ECF No. 22, pp. 23-25. Defendants maintain that the interaction with health care personnel was conducted through an interpreter, so that Plaintiff could understand his course of treatment. *Id.*

On August 16, 2014, Plaintiff came to FCI Health Services with an interpreter and reported that he had a bloody nose, along with mouth and rectal bleeding. He verbalized his belief that these symptoms were caused by the Doxazosin. ECF No. 22, p. 27. No bleeding from his nose or mouth

---

[5] Doxazosin or Cadura relaxes the muscles in the prostate and bladder neck making it easier to urinate. *See* https://www.drugs.com/doxazosin.html.

was noted. *Id.*, p. 28. He was placed on callout and instructed to return immediately if his condition worsened. *Id.*

Plaintiff remained on the Doxazosin for another three weeks. On August 29, 2014, Plaintiff came to Health Services with an interpreter complaining that he continued to feel light headed and dizzy, conditions he believed were attributable to the Doxazosin. His vital signs revealed a normal blood pressure. Dr. Moubarek opines that given Plaintiff's weight (275 pounds) and the fact that he did not have low blood pressure, it is highly unlikely that Plaintiff was experiencing side effects of low blood pressure, dizziness, and blurred vision from a small dose of Doxazosin. ECF No. 21-2, Moubarek Decl; ECF No. 22, p. 31. Moreover, Defendants affirm there is no record of Plaintiff seeking medical attention at a sick-call visit for any injuries as a result of falls. Nonetheless, the Doxazosin was discontinued. ECF No. 21-21, Moubarek Decl; ECF No. 22, p. 33.

On February 5, 2015, Plaintiff was seen for a psychiatry initial evaluation and accompanied by an interpreter. His psychiatric history was noted and he was assessed with an Axis I Depressive Disorder, prescribed an antidepressant (Remeron), advised to reduce his intake of caffeine, and was to be followed by Psychiatry on an as-needed basis.[6] ECF No. 22, pp. 57-59.

1.  FTCA claims

Under the FTCA, the United States is liable, as a private person, for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment." 28 U.S.C.

---

[6] Defendants have filed a Motion to Seal their Exhibit containing excerpts from Plaintiff's medical records in "an effort to avoid public access to these records." ECF No. 20. The Motion shall be granted. The Clerk shall place ECF No. 21, Ex. 1 and ECF No. 22 under seal.

§ 1346(b) (1994). "It is well established that the United States Government, as sovereign, is immune from suit unless it consents to be sued." *Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir.1990). "The terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (citing *United States v. Sherwood,* 312 U.S. 584, 586 (1941)). "Congress created a limited waiver of sovereign immunity in the FTCA." *Id.* (citing 28 U.S.C. §§ 2671–80). "This waiver permits suit only on terms and conditions strictly prescribed by Congress." *Id.* (citing *Honda v. Clark,* 386 U.S. 484, 501 (1967)). One such term "requires that a claim be 'presented' to the appropriate agency within two years after the claim accrues." *Ahmed v. United States,* 30 F.3d 514, 516 (4th Cir. 1994) (citing 28 U.S.C. § 2401(b)). The FTCA "also requires that before an action may be commenced in court, the claimant must 'present' his claim to the appropriate administrative agency for determination." *Id.* (citing 28 U.S.C. § 2675(a)). " '[T]he requirement of filing an administrative claim is jurisdictional and may not be waived.' " *Id.* (quoting *Henderson v. United States,* 785 F.2d 121, 123 (4th Cir. 1986)); *see also Khatami v. Compton*, 844 F. Supp.2d 654, 663 (D. Md. 2012). A FTCA Plaintiff's failure to file an administrative claim deprives courts of subject-matter jurisdiction over the claim. *See Logan v. United States,* 851 F.Supp. 704, 707 (D. Md. 1994). Plaintiff retains the burden of proving he has complied with the requirements of the FTCA. *Id.*

In this case, there is no evidence that Plaintiff filed the requisite administrative claim with the BOP. Dominick DeSanto, a paralegal with the BOP, has attested that, after conducting a review of the BOP Administrative Torts database, which provides a listing of those administrative tort claims presented to the BOP, there is no record of an administrative claim filed by Plaintiff. ECF No. 21,

Ex. 3.

2. *Bivens* Complaint

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendant(s). *See Jones v. Bock*, 549 U.S. 199, 212-217 (2007); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *See Chase v. Peay*, 286 F.Supp.2d 523, 530 (D. Md. 2003); *see also Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's

lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP=s grievance process); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review). The BOP four step process for resolution of prisoner complaints can be used to resolve challenges to the receipt of health care. *See* 28 C.F.R. § 542.10 and § 542.12.

Defendants argue that Plaintiff has failed to provide any evidence establishing that he has taken these steps to exhaust his administrative remedies prior to filing his *Bivens* action in the Court. Indeed, Plaintiff admits he has not engaged in the remedy process and points to his mental health issues, lack of education, and inability to speak English as reasons for his failure to engage in the grievance process. ECF No. 1, p. 2.[7] Plaintiff's self-described conditions and limitations do not excuse the failure to exhaust administrative remedies. *Johnson v. District of Columbia*, 869 F. Supp.2d 34, 39 (D. D. C. 2012). Statutory exhaustion requirements are mandatory, while the judicial, or common-law, exhaustion doctrine is discretionary and includes a number of exceptions. *See Beharry v. Ashcroft*, 329 F.3d 51, 56-57 (2$^d$ Cir. 2003); *see also Ross v. Blake*, 136 S.Ct. 1850, 1856-57 (2016) (exhaustion is mandatory under the PLRA and there are no limits on an inmate's obligation to exhaust- irrespective of any "special circumstances."). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court expressly found that Congress had statutorily mandated exhaustion under 42 U.S.C. ' 1997e(a) and Awe will not read futility or other exceptions into statutory

---

[7] In his opposition, Plaintiff states that he has performed due diligence to exhaust his administrative remedies. The materials submitted, however, show that Plaintiff did not fully or properly exhaust his administrative remedies through all levels of the BOP process. ECF No. 24-1 & ECF No. 25-1.

exhaustion requirements....@  *Id.* at 741.  Therefore, the civil rights claim regarding Plaintiff's medical care shall be dismissed for non-exhaustion as to Defendants.[8]

IV.  *Conclusion*

For the foregoing reasons, Defendants' dispositive motions shall be granted.[9]  Judgment shall be entered in favor of Defendants and against Plaintiff.

Date: January 18, 2017                              /s/
                                               William M. Nickerson
                                               Senior United States District Judge

---

[8] Dr. Mitter's unopposed Motion to Dismiss, or for Summary Judgment, which relies on Affidavit and Exhibit, shall be treated as one for summary judgment and shall be granted.  The record shows that Mitter's limited contact with Plaintiff involved an August 28, 2014 clinic encounter where the physician diagnosed Plaintiff with glaucoma and provided Plaintiff with a new prescription for corrective lenses as a result of the examination.  Mitter had no involvement with Plaintiff's prostate condition or in prescribing Doxazosin to Plaintiff.  ECF No. 29-1; 29-2.  The medical record also shows that Plaintiff was prescribed Latanoprost Opthalmological Solution for his glaucoma.  ECF No. 22, pp. 34 & 49.

[4] Service of Process was not effected on Defendants Hussien, Hirsch, Myatt, and Hanscom.  For reasons articulated in this Opinion, the Complaint against them shall be dismissed.